JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE CONTINENTAL INSURANCE COMPANY,<br><br>                Plaintiff,<br><br>     v.<br><br>KING OF FREIGHT, LLC, *et al*.,<br><br>                Defendants. | Case No. 2:26-cv-03386-FLA (DMKx)<br><br>**ORDER REMANDING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION** |

**<u>RULING</u>**

On February 23, 2026, Plaintiff The Continental Insurance Company ("Plaintiff") initiated this action against Defendants King Of Freight, LLC, One Way Logistics, Inc., and E F Corporation (collectively, "Defendants") in the Los Angeles County Superior Court, Case No. 26TRCV00644.  Dkt. 1-2 ("Compl.").  The Complaint alleges two causes of action: (1) breach of contract against King of Freight, LLC, and (2) breach of contract against E F Corporation and One Way Logistics, Inc. *See generally id.*  Plaintiff prays for payment by Defendants to Plaintiff in the amount of $142,117.28, prejudgment interest, attorney's fees, and costs.  *Id.* at 7.

On March 30, 2026, Defendant E F Corporation removed the action to this court based on alleged federal question jurisdiction.  Dkt. 1 at 2.[1]  On April 24, 2026, Plaintiff voluntarily dismissed Defendant E F Corporation with prejudice.  Dkt. 8.  To date, no other Defendants have appeared.  On April 29, 2026, the court ordered Plaintiff to show cause why the action should not be remanded for lack of subject matter jurisdiction as the court was unable to conclude it had subject matter jurisdiction under 28 U.S.C. § 1331 based on the "face" of Plaintiff's Complaint ("Order to Show Cause").  Dkt. 9.  Plaintiff filed the sole response ("Response") on May 14, 2026.  Dkt. 11 ("Resp.").

Having reviewed the Notice of Removal and the Response to this court's Order to Show Cause, and for the reasons stated herein, the court REMANDS the action to the Los Angeles County Superior Court.

**<u>DISCUSSION</u>**

**I.      Legal Standard**

Federal courts are courts of "limited jurisdiction," possessing only "power authorized by the Constitution and statute[.]"  *Kokkonen v. Guardian Life Ins. Co. of*

---

[1] The court cites documents by the page numbers added by the court's CM/ECF System, rather than any page numbers included natively.

2

*Am.*, 511 U.S. 375, 377 (1994); U.S. CONST. art. III, § 2, cl. 1.  Courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record.  *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006).  Additionally, federal courts have an obligation to examine jurisdiction *sua sponte* before proceeding to the merits of a case.  *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

28 U.S.C. § 1331 vests in federal district courts "original jurisdiction" over "all civil actions arising under the Constitution, laws, or treaties of the United States."  A case arises under federal law for 28 U.S.C. § 1331 purposes where "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689–90 (2006); *see also Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) ("Under the longstanding well-pleaded complaint rule, however, a suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law].'" (quoting *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)).  General federal question jurisdiction under 28 U.S.C. §1331 exists only "when the plaintiff sues under a federal statute that creates a right of action in federal court." *Williams v. United Airlines, Inc.*, 500 F.3d 1019, 1022 (9th Cir. 2007).

Stated otherwise, for this court to have subject matter jurisdiction over Plaintiff's complaint, Plaintiff must have alleged a federal question on the face of the properly pleaded complaint, meaning the complaint must allege federal question jurisdiction in its factual allegations.  *See Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 809 n. 6 (1986) ("Jurisdiction may not be sustained on a theory that the plaintiff has not advanced."); *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086,

1089 (9th Cir. 2002).

**II.     Analysis**

Plaintiff's Response states, in full, that "Plaintiff believes that it is appropriate for the [c]ourt to remand this matter to state court."  Resp. at 2.  Plaintiff does not state it is asserting a federal claim, as Defendant E F Corporation previously alleged.  Moreover, Plaintiff's Complaint does not specify the amount each Defendant allegedly owes to Plaintiff.

Given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court, *see Gaus*, 980 F.2d at 566, the court finds it does not have subject matter jurisdiction over this action.  *See* 28 U.S.C. § 1331.

**<u>CONCLUSION</u>**

For the foregoing reasons, the court finds it lacks subject matter jurisdiction.  The court, therefore, REMANDS the action to the Los Angeles County Superior Court, Case No. 26TRCV00644.  All dates and deadlines in this court are VACATED.  The clerk of the court shall close the action administratively.

IT IS SO ORDERED.

Dated: July 6, 2026

FERNANDO L. AENLLE-ROCHA
United States District Judge

4